UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CHRISTOPHER LAVALLEE,

           Plaintiff,

v.

ANTONIO WIMBERLY,
SHANTAE PEARSON, and
AKA INVESTMENT GROUP, INC.,

           Defendants.

DECISION AND ORDER

19-CV-6029-MJP

---

## APPEARANCES

| | |
|---|---|
| For Plaintiff: | Aubrey Davis Hetznecker, Esq.<br>Schlather,, Stumbar Parks & Salk, LLP<br>200 East Buffalo Street<br>P.O. Box 353<br>Ithaca, NY 14851<br>(607) 273-2202 |
| | Raymond M. Schlather, Esq.<br>Schlather, Stumbar, Parks & Salk,<br>LLP200 East Buffalo Street<br>P.O. Box 353<br>Ithaca, NY 14851<br>(607) 273-2202 |
| For Defendants Antonio Wimberly and<br>Shantae Pearson: | Melissa L. Vincton, Esq.<br>Penino & Moynihan, LLP<br>1025 Westchester Avenue<br>Suite 403<br>White Plains, NY 10604<br>(914) 949-6996 |
| | Steven J. Monn, Esq.<br>Penino & Moynihan, LLP<br>1025 Westchester Avenue<br>Suite 403<br>White Plains, NY 10604<br>(914) |

| | |
|---|---|
| For Defendant AKA Investment Group, Inc. | Stephen P. Brooks, Esq.<br>Smith, Murphy & Schoepperle, LLP<br>Ellicott Square Building<br>295 Main Street, Suite 786<br>Buffalo, NY 14203-2580<br>(716) 852-1544 |

## INTRODUCTION

**Pedersen, M.J.** This motor vehicle tort action is before the Court on diversity. 28 U.S.C. § 1332 (2011). The parties have all consented to magistrate judge jurisdiction per 28 U.S.C. § 636. (Consent and Assignment, Apr. 5, 2019, ECF No. 16.) Now before the Court is an application by AKA Investment Group, Inc. ("AKA") seeking summary judgment. (Mot. for Summ. J., Nov. 5, 2020, ECF No. 44.) AKA argues that "defendant driver Antonio Wimberly, who was driving a pickup truck which was hauling a trailer, was not negligent as a matter of law because he encountered an emergency situation." (Brooks Decl. ¶ 4, Nov. 5, 2020, ECF No. 44-1.) Plaintiff counters that the undisputed facts bar AKA from using the emergency doctrine defense. For the reasons stated below, the Court denies AKA's application (ECF No. 44).

## FACTUAL BACKGROUND

The following facts are taken from the parties' submissions pursuant to W.D.N.Y. Local Rule of Civil Procedure 56(a). AKA's driver, Antonio Wimberly, ("Wimberly") was proceeding west-bound on I-86, a limited access highway with a speed limit of 65 miles per hour. Wimberly encountered a jackknifed tractor trailer blocking both lanes of travel. In addition to the jackknifed tractor trailer, he saw a vehicle parked on the left side of the roadway (driven by Gregory Fish), a vehicle parked on the right side of the roadway (driven by the Plaintiff), each parked

essentially across from the other, with a person (Plaintiff) standing beside his vehicle, nearest to the traveled portion of the highway, an additional vehicle in the median near the jackknifed tractor trailer, and a further vehicle in the road, having come to rest near the rear wheels of the jackknifed tractor trailer after having struck the tractor trailer.

Wimberly braked, began to slide and was unable to stop his vehicle. Wimberly did not sound the horn or use the emergency brake. Wimberly slid with such speed and force that his truck traveled into Plaintiff and his vehicle, then kept sliding forward until it hit the jackknifed tractor trailer further along the highway. Plaintiff and Defendant AKA dispute whether Wimberly was moving at 30 to 35 miles per hour when he applied his brakes. (Def.'s Statement of Facts, ¶ 28, EF No. 44-3, citing Wimberly Dep. at 50 & 51, ECF No. 44-2). Plaintiff contends that Wimberly was driving faster, citing State Trooper Kenneth Elston's testimony that Wimberly was traveling around 50 miles per hour. (Pl.'s Statement of Facts ¶ 28, ECF No. 49-2, citing Elston Dep. at 37, ECF No. 49-11.)

Trooper Elston and another eyewitness opined that Wimberly was driving too fast for the road conditions. Wimberly was either traveling 15 miles per hour under the speed limit, based on the state trooper's testimony, or 30 to 35 miles per hour under the speed limit, based on Wimberly's testimony. Lavallee testified he was traveling 65 miles per hour as he approached the trailer, but managed to brake successfully and pull over with no injury. Wimberly was ticketed and pleaded guilty to driving at an imprudent speed. Trooper Elston during his deposition described the situation Wimberly encountered as an "emergency situation":

> Q. All right. This might sound stupid. It wouldn't be the first time. But is it fair to say that coming across a tractor trailer who is blocking both lanes of the westbound 86 was out of the ordinary?
>
> A. Yes.
>
> Q. Okay. Would you call that an emergency situation for a driver who encountered that?
>
> A. Yes, it was overwhelming for us as law enforcement.

(Elston Dep. at 57:11–19, ECF No. 49-11.) Another point of contention is whether the jackknifed tractor trailer blocked the view of the flashing lights on the two police vehicles. Plaintiff claims that Gregory Fish, who was also driving on westbound I-86, was able to see the flashing lights before seeing the trailer ("I observed the state troopers' lights before the tractor trailer"). (Fish Dep. 12:4–5, *attached as* Ex. G *to* AKA's Mot. for Summ. J., ECF No. 44-2.)

AKA owned the trailer which was attached to and being hauled by the pickup truck driven by Wimberly and, as such, AKA would be liable for any negligence by Wimberly in the use or operation of the pickup truck. N.Y. Veh. & Traf. Law § 388.

### STANDARD OF LAW

Summary judgment may not be granted unless the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, … demonstrate the absence of a genuine issue of material fact," *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), and "the movant is entitled to judgment as a matter of law," Fed. R. Civ. P. 56(a) (2015). "In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant may satisfy this burden by pointing to an absence of evidence to support an essential element of the

4

nonmoving party's claim. *Gummo v. Village of Depew,* 75 F.3d 98, 107 (2d Cir. 1996) (citation omitted).

The burden then shifts to the non-moving party to demonstrate specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). To do this, the non-moving party must present evidence sufficient to support a jury verdict in its favor. *Id.* at 249. "[F]actual issues created solely by an affidavit crafted to oppose a summary judgment motion are not 'genuine' issues for trial." *Hayes v. N.Y. City Dep't of Corr.*, 84 F.3d 614, 619 (2d Cir. 1996). Summary judgment is appropriate only where, "after drawing all reasonable inferences in favor of the party against whom summary judgment is sought, no reasonable trier of fact could find in favor of the non-moving party." *Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir. 1993). The parties may only carry their respective burdens by producing evidentiary proof in admissible form. Fed. R. Civ. P. 56(c)(1). The underlying facts contained in affidavits, attached exhibits, and depositions, must be viewed in the light most favorable to the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

## ANALYSIS

### *Emergency Doctrine*

Under New York law, the emergency doctrine "recognizes that when an actor is faced with a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration . . . the actor may not be negligent if the actions taken are reasonable and prudent." *Krynski v.* Chase, 707 F. Supp. 2d 318, 325 (E.D.N.Y. 2009) (quoting *Rivera v. New York City Transit Auth.*, 77 N.Y.2d 322, 327 (1991)). Defendant AKA is moving for summary judgment upon the emergency

doctrine; thus, it is AKA's burden to establish as a matter of law that the situation facing Wimberly meets the two-pronged standard. Defendant Wimberly is stating that he was not negligent because he encountered an emergency and, therefore, was not obligated to exercise his best judgment, thereby making any error of judgment non-negligent. A component of the first part of the standard is the existence of an emergency. Generally, "[w]hether a situation constitutes an emergency is an issue best left to the trier of fact, [e]xcept in the most egregious circumstances." *Stevenson v. Recore,* 221 A.D.2d 834, 835 (N.Y. App. Div. 3d Dept. 1995); *see Copeland v. Bolton,* 101 A.D.3d 1283, 1285 (N.Y. App. Div. 3d Dept. 2012); *Schlanger v. Doe,* 53 A.D.3d 827, 828 (N.Y. App. Div. 3d Dept. 2008).

Assuming for the purposes of this motion, without deciding that the situation Wimberly faced was an emergency, Defendant AKA must also establish (1) that Wimberly did not contribute to the emergency and (2) that Wimberly's actions were reasonable under the circumstance. *See Foster v. Kelly,* 119 A.D.3d 1250, 1251 (N.Y. App. Div. 3d Dept. 2014); *Weiss v. Metropolitan Suburban Bus Authority,* 106 A.D.3d 727 (N.Y. App. Div. 2d Dept. 2013); 8B NY Jur. 2d Automobiles §985. The emergency doctrine does not apply to situations where "the defendant driver should reasonably have anticipated and been prepared to deal with the situation with which [he] was confronted." *Muye v. Liben,* 282 A.D.2d 661 (N.Y. App. Div. 2d Dept. 2001).

Defendant AKA's position is that based on the undisputed facts of this case, Wimberly, the driver of the truck, encountered an emergency situation, allegedly mirroring *Garcia v. Prado,* 15 A.D.3d 347 (N.Y. App. Div. 2d Dept. 2005) (defendant driver, who struck vehicle which had lost control and come to rest perpendicular to

6

traffic, blocking two lanes of traffic, was not negligent as a matter of law, as defendant driver was faced with emergency situation, and, as such, was not obligated to exercise best judgment and any error in judgment was not sufficient to constitute negligence). Courts have found as a matter of law that a person faced with an emergency situation was not liable for subsequent damage. *See Kandel v. FN*, 137 A.D.3d 980 (N.Y. App. Div. 2d Dept. 2016) (driver who encountered vehicles blocking two of three lanes for travel, and was not able to stop because of ice on road, despite braking, and thereby struck plaintiff, who was standing outside his vehicle, was faced with emergency situation and entitled to summary judgment as a matter of law); *Gajjar v. Shah*, 31 A.D.3d 377 (N.Y. App. Div. 2d Dept. 2006) (tractor trailer driver who slammed on brakes and attempted to stay in his lane when he encountered vehicle that crossed double-yellow line was faced with emergency situation and entitled to summary judgment as a matter of law, and argument that he had enough time to swerve tractor trailer was speculation, as such vehicular agility was not required); *Smith v Brennan*, 245 A.D.2d 596 (N.Y. App. Div. 3d Dept. 1997) (defendant driver who encountered vehicle that crossed into his lane from opposite direction was faced with emergency situation and entitled to summary judgment as a matter of law, and speculation that defendant driver was speeding and reaction time was therefore delayed insufficient to create question of fact); *DiGiorgio v. Sil Serv. Corp.*, 243 A.D.2d 535, 536 (N.Y. App. Div. 2d Dept. 1997) (driver who encountered cab, spinning in street after being struck by another vehicle, which spinning resulted in plaintiff being ejected from cab, was faced with emergency situation and entitled to summary judgment as a matter of law).

A material question of fact exists as to whether the conditions Wimberly encountered were "sudden" and "unexpected." In the cases where courts have applied the emergency doctrine, an unquestionable and unforeseen emergency existed, such as vehicles traveling in the wrong direction, *see Madden v. Mullet,* 211 A.D.2d 623 (N.Y. App. Div. 2d Dept. 1995); spinning vehicles, *Vatter v. Gibson,* 228 A.D.2d 581 (N.Y. App. Div. 2d Dept. 1996); or avoiding a collision-in-progress, *Wenz v. Shafer,* 293 A.D.2d 742 (N.Y. App. Div. 2d Dept. 2002), *Christian v. Audi of America, Inc.,* 233 A.D.2d 289 (N.Y. App. Div. 2d Dept. 1996). A tractor trailer blocking both lanes and vehicles blocking the shoulders of the highway might be an unforeseen or sudden condition depending a great deal on how much notice the driver had before encountering it, how well prepared the vehicle was to be safely stopped, and the speed of travel considering the road conditions at the time.

## CONCLUSION

The Court denies AKA's motion for summary judgment (ECF No. 44). The Court will issue a separate Order for a pretrial conference.

SO ORDERED.

DATED:   May 13, 2021
         Rochester, New York

_____
MARK W. PEDERSEN
United States Magistrate Judge